IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

| | |
|---|---|
| FORBA HOLDINGS, LLC, a Delaware limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) Civil Action No. |
| LICSAC, LLC, a Colorado limited liability company; DD MARKETING, INC., a Colorado corporation; DEROSE MANAGEMENT, LLC, a Colorado limited liability company; LICSAC NY, LLC, a New York limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff FORBA Holdings, LLC ("New FORBA"), for its original complaint against defendants LICSAC, LLC; DD Marketing, Inc.; DeRose Management, LLC; and LICSAC NY, LLC (collectively, "Old FORBA" or "Defendants"), avers as follows:

### NATURE AND BASIS OF ACTION

1. This is an action seeking damages resulting from Old FORBA's breach of its Asset Purchase Agreement, as amended, ("the APA") with New FORBA. (A copy of the Asset Purchase Agreement, including Amendment No. 1 thereto, is attached to this Complaint as Exhibit A).

2. On September 29, 2006, New FORBA closed on the APA with Old FORBA. Pursuant to the APA (as amended), New FORBA paid Old FORBA $435 million for certain Old FORBA assets.

3. The APA contained certain representations and warranties by Old FORBA that are not true.

4. As a result of Old FORBA's untrue representations and warranties in the APA, New FORBA has sustained damages in excess of $10,000,000, including but not limited to damages sustained from overpaying Old FORBA for the Old FORBA assets described in the APA, and damages sustained in defending and paying claims (i.e. claims made by agencies in New York and Georgia) relating to payments received by Old FORBA while Old FORBA owned the assets.

## PARTIES

5. Plaintiff FORBA Holdings, LLC, formerly known as Sanus Holdings, LLC, is a limited liability company and a wholly owned subsidiary of Small Smiles Holding Company, LLC. FORBA Holdings, LLC is incorporated in Delaware and maintains its principal place of business at 618 Church Street, Nashville, TN 37219.

6. For purposes of this Complaint, except as otherwise indicated, Plaintiff is referred to as "New FORBA."

7. Defendant LICSAC, LLC is a Colorado limited liability company, formerly known as FORBA, LLC. LICSAC's registered agent is Danny E. DeRose, and its registered office is located at 504 N. Grand Avenue, Pueblo, Colorado 81003.

8. Defendant DD Marketing, Inc. ("DD Marketing") is a corporation organized under the laws of the State of Colorado. Its registered agent is Danny E. DeRose, and its registered office is located at 504 N. Grand Avenue, Pueblo, Colorado 81003.

9. Defendant DeRose Management, LLC is a Colorado limited liability company. Its registered agent is Edward J. DeRose, and its registered office is located at 504 N. Grand Avenue, Pueblo, Colorado 81003.

10. Defendant LICSAC NY, LLC, formerly known as FORBA NY, LLC, is a New York limited liability company. LICSAC NY, LLC does not have a registered agent for service of process in New York.

## JURISDICTION AND VENUE

11. This action seeks damages for breach of contract and breach of warranty in connection with the sale of certain of Old FORBA's assets to New FORBA on September 29, 2006.

12. This Court has jurisdiction over New FORBA's claims under 28 U.S.C. § 1332. New FORBA and the Defendants are citizens of different states and this dispute involves an amount in controversy in excess of $75,000.

13. This Court has personal jurisdiction over the Defendants because all of the Defendants other than LICSAC NY are citizens of Colorado. This Court has personal jurisdiction over LICSAC NY because it was a party to the APA, and its President, Danny E. DeRose, a Colorado resident, conducted extensive APA negotiations with New FORBA in Colorado.

14. Venue in this Court is proper under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this litigation occurred in this District.

15. Under the terms of the APA, the parties have agreed that this dispute is governed by Colorado law and they have waived their right to a jury trial.

## GENERAL ALLEGATIONS

16. Pursuant to the APA, on September 29, 2006, New FORBA purchased from Old FORBA certain assets, including management agreements with Small Smiles Dental Centers, from Old FORBA for $435 million.

17. The APA includes detailed representations and warranties. Among other things, the representations and warranties relate to Old FORBA's Financial Statements (¶ 4.5); Licensure and Compliance (¶ 4.6); Assumed Contracts, Contracts of Practices (¶ 4.7); Associated Practices, Dentists and Professionals (¶ 4.8); Litigation, Actions and Orders (¶ 4.11); Compliance with Laws (¶ 4.14); No Undisclosed Liabilities (¶ 4.18); and Disclosure (¶ 4.24).

18. The APA likewise contains a Disclosure provision reflecting Old FORBA's obligation to disclose all material facts:

> 4.24   <u>Disclosure</u>. No representation or warranty made by [Old] FORBA in this Agreement contains any untrue statement of a material nature or omits to state a material fact necessary to make any of them, in light of the circumstances in which it was made, not misleading.

19. New FORBA reasonably relied on these representations and warranties contained in the APA when it purchased certain assets from Old FORBA pursuant to the APA.

20. In APA ¶ 10.6, "[t]he parties expressly agree and acknowledge that each is relying upon the representation or warranties of the other made in this Agreement and that neither [Old FORBA] nor [New FORBA] would be willing to execute and deliver this Agreement if any limitations were placed on such reliance."

21. Representations and warranties contained in APA ¶¶ 4.5, 4.6, 4.7, 4.8, 4.11, 4.14, 4.18 and 4.24 include untrue statements of a material nature or omitted to state a material fact necessary to make the all of the representations and warranties contained in each of the above-referenced paragraphs, in light of the circumstances in which they were made, not misleading.

22. All conditions precedent to the institution of this action by New FORBA have been satisfied, waived, or otherwise excused.

## CAUSES OF ACTION

### COUNT I
### (Breach of Warranty)

23. New FORBA re-alleges and incorporates by reference the allegations of paragraphs 1 through 22 of this Original Complaint as if fully set forth herein.

24. Old FORBA and New FORBA entered into an Asset Purchase Agreement.

25. The APA contained representations and warranties in ¶¶ 4.5, 4.6, 4.7, 4.8, 4.11, 4.14, 4.18 and 4.24.

26. Pursuant to the APA, New FORBA paid $435 million to purchase certain Old FORBA assets, based on and in reliance on these warranties and representations made by Old FORBA.

27. Old FORBA breached the warranties contained in APA ¶¶ 4.5, 4.6, 4.7, 4.8, 4.11, 4.14, 4.18 and 4.24 because the representations contained in APA ¶¶ 4.5, 4.6, 4.7, 4.8, 4.11, 4.14, 4.18 and 4.24 contained untrue statements of a material nature or omitted to state a material fact necessary to make the all of the representations and warranties contained in each of the above-referenced paragraphs, in light of the circumstances in which it was made, not misleading.

28. As a direct and proximate cause of Old FORBA's breach of warranty, New FORBA has suffered damages in excess of $10,000,000.00.

### COUNT II
### (Breach of Contract)

29. New FORBA re-alleges and incorporates by reference the allegations of paragraphs 1 through 22 of this Original Complaint as if fully set forth herein.

{28001.1.A0393348.DOC;1} 5

30.   Old FORBA and New FORBA entered into an Asset Purchase Agreement.

31.   The APA contained representations and warranties in ¶¶ 4.5, 4.6, 4.7, 4.8, 4.11, 4.14, 4.18 and 4.24.

32.   Pursuant to the APA (as amended), New FORBA paid $435 million to purchase certain Old FORBA assets, based on and in reliance on these warranties and representations made by Old FORBA.

33.   Old FORBA breached the APA because the representations and warranties contained in APA ¶¶ 4.5, 4.6, 4.7, 4.8, 4.11, 4.14, 4.18 and 4.24 contained untrue statements of a material nature or omitted to state a material fact necessary to make the all of the representations and warranties contained in each of the above-referenced paragraphs, in light of the circumstances in which it was made, not misleading.

34.   As a direct and proximate cause of Old FORBA's contractual breaches, New FORBA has suffered damages in excess of $10,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, New FORBA respectfully requests that the Court enter Judgment in favor of New FORBA granting the following relief:

A.  That Old FORBA be found liable to New FORBA for monetary damages to which New FORBA is entitled for breach of contract and breach of warranty, in an amount to be shown at trial in excess of $10,000,000;

B.  Pursuant to APA ¶ 11.16, and in addition to any other relief or award to which New FORBA may be entitled, award New FORBA the legal expenses it incurred to enforce the APA, including reasonable attorneys' fees, costs, and necessary disbursements; and

C.  Granting such other and further relief available that the Court may deem just and proper.

Dated: September 28, 2009        Respectfully submitted,

/s/ Christopher J. Dawes
Christopher J. Dawes, Atty No. 33818
LOTTNER RUBIN FISHMAN BROWN & SAUL, P.C.
633 Seventeenth Street, Suite 2700
Denver, CO 80202
(303) 292-1200

L. Joseph Loveland
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
(404) 572-4600

James T. Phalen
Ashley C. Parrish
John P. Box, Jr.
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 737-0500

*Counsel for FORBA Holdings, LLC*