IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Christine Arguello

Case No. 09-cv-02305-CMA-MJW

FORBA HOLDINGS, LLC,

    Plaintiff,

v.

LICSAC, LLC;
DD MARKETING, INC.;
DEROSE MANAGEMENT, LLC; and
LICSAC NY, LLC,

    Defendants.

---

## STIPULATION AND PROTECTIVE ORDER (Docket No 34)

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, FORBA Holdings, LLC, by and through its counsel, Lottner Rubin Fishman Brown & Saul, P.C. and King & Spalding LLP, and Defendants, LICSAC, LLC, DD Marketing, Inc., DeRose Management, LLC, and LICSAC NY, LLC, though its counsel, Holme Roberts & Owen LLP, subject to the approval of the Court, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following protective order shall govern confidential and proprietary information produced by the parties in the course of discovery proceedings.

1.   "Protected Information" means any document, thing, testimony or other information that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the

WDC_IMANAGE-1422090.1

1

#1445916 v2 den{32731.1.A0405734.DOC;1}

**EXHIBIT 1**

manner provided for below. Such designation may be made by any party or non-party that produces documents in this action (hereinafter, the "Designator"), and the provisions herein shall apply to all documents so designated.

2. Protected Information produced to a party may be disclosed by such party only to the persons specified below in paragraph 10 (in the case of information designated CONFIDENTIAL) and paragraph 11 (in the case of information designated HIGHLY CONFIDENTIAL). Any recipient of Protected Information shall hold such information in confidence and shall take all appropriate steps to maintain such confidentiality. No recipient of Protected Information shall use such information for any purpose other than in connection with this litigation. Protected Information shall not be used in any other action, judicial proceeding, or administrative proceeding without either the written agreement of the Designator or an order of this Court. A witness whose testimony is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed to be a "recipient of Protected Information" with respect to his or her testimony.

3. By executing this document and designating or receiving any document, thing, testimony or other information, the parties are not changing or waiving their rights under the provisions of Section 9.4 of the Asset Purchase Agreement.

4. By designating any document, thing, testimony or other information as CONFIDENTIAL, the Designator represents that it believes, in good faith, that such material contains trade secret or other information relating to confidential research, development, production data, business plan information or other commercial activities of the Designator.

WDC_IMANAGE-1422090.1

2

#1445916 v2 den {32731.1.A0405734.DOC;1}

5.  By designating any document, thing, testimony or other information as HIGHLY CONFIDENTIAL, the Designator represents that it believes, in good faith that such material contains trade secrets or other proprietary information regarding current confidential research, development, production data, business plan information, financial information, or other current commercial activities of the Designator of such a sensitive nature that the Designator reasonably fears competitive injury resulting from disclosure beyond the authorization contained in paragraph 11 below. The parties recognize that Defendants are the former operators of the subject business and former custodians of many documents and records that may be at issue here. It is expressly understood and agreed that the parties will not designate information as HIGHLY CONFIDENTIAL without counsel making a good faith determination that the material qualifies under this paragraph.

6.  Protected Information shall be designated as follows:

   (a)  To designate a document as Protected Information, the Designator must mark the words "CONFIDENTIAL, Case No. 09-cv-02305" or "HIGHLY CONFIDENTIAL, Case No. 09-cv-02305" on each page of the document.

   (b)  To designate a thing other than a document as Protected Information, the Designator must mark the words "CONFIDENTIAL, Case No. 09-cv-02305" or "HIGHLY CONFIDENTIAL, Case No. 09-cv-02305" on the thing, or, if that is not practicable, on packaging of the thing.

   (c)  To designate testimony as Protected Information, the Designator must, within ten (10) business days after the transcript is received by counsel, serve by fax on counsel

WDC_IMANAGE-1422090.1

3

#1445916 v2 den {32731.1.A0405734.DOC;1}

for all parties, with confirmation by two-day express delivery, a notice designating the testimony, by page and line number as CONFIDENTIAL, Case No. 09-cv-02305 or HIGHLY CONFIDENTIAL, Case No. 09-cv-02305. Prior to the expiration of such 10-day period, all testimony reflected in the transcript shall be treated as though it had been designated HIGHLY CONFIDENTIAL. Under no circumstances may a Designator designate testimony as Protected Information prior to the testimony actually being given.

7. A party may designate information produced by a non-party in accordance with this stipulation and order within ten (10) business days after receipt of such production.

8. A party may object to the designation of particular Protected Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Protected Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Protected Information under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Protected Information and shall not thereafter be treated as Protected Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Designator of Protected Information shall bear the burden of establishing the burden of proof that the disputed information is to be treated as Protected Information.

WDC_IMANAGE-1422090.1

4

#1445916 v2 den{32731.1.A0405734.DOC;1}

9. Protected Information shall not include any information that: (a) is or becomes a matter of public knowledge through no fault of the recipient; or (b) is rightfully received by the recipient from a third-party not owing a duty of confidentiality to the Designator; or (c) is disclosed by the Designator to a third party not owing a duty of confidentiality to the Designator; or (d) is independently developed by the recipient; or (e) is disclosed under operation of law without confidentiality or disclosure provisions after prior notice to the Designator; or (f) is disclosed by the recipient with the Designator's prior written approval. All pleadings, motions, orders, judgments, and other papers filed with, or issued by, a court or administrative agency shall be deemed a "matter of public knowledge" except to the extent that such papers may have been sealed or otherwise be subject to a protective order, in which case the document shall be accorded status as Protected Information consistent with that order to seal or protective order.

10. Disclosure of Protected Information designated as CONFIDENTIAL. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents, things, testimony or other information designated CONFIDENTIAL under the terms of this stipulation and order to any person or entity except as set forth in subparagraphs (a) through (f) below, and then only after the person to whom disclosure is to be made has executed an acknowledgement (in the form set forth at Exhibit A hereto), that he or she has read and understands the terms of this stipulation and order and is bound by it. Subject to these requirements, the following categories of person may be allowed to review documents that have been designated CONFIDENTIAL pursuant to this order:

(a) Counsel and employees of counsel for the parties;

(b) Parties and employees of a party to this stipulation and order, including in-house counsel, as well as employees of FORBA Services, Inc. and EEHC, Inc.;

(c) Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(d) Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel to the parties to assist in the preparation or trial of the lawsuit;

(e) Former employees of a party to this Stipulation and Protective Order to the extent that they are witnesses in this matter and agree to be bound by the terms of this Order;

(e) The Court and its staff, including its court reporters; and

(f) Other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

11. Disclosure of Protected Information designated as HIGHLY CONFIDENTIAL. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated HIGHLY CONFIDENTIAL under the terms of this stipulation and order to any person or entity except as set forth in subparagraphs (a) through (e) below, and then only after the person to whom disclosure is to be made has executed an acknowledgement (in the form set forth at Exhibit A hereto), that he or she has read and understands the terms of this stipulation and order and is bound by it. Subject to these requirements, the following categories of person may be allowed to review documents that have been designated HIGHLY CONFIDENTIAL pursuant to this order:

WDC_IMANAGE-1422090.1

6

#1445916 v2 den {32731.1.A0405734.DOC;1}

  (a) Counsel and employees of counsel for the parties;

  (b) Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

  (c) Consultants, investigators, or experts (hereinafter referred to collectively as "experts") specially employed by the parties or counsel to the parties to assist in the preparation or trial of the lawsuit;

  (d) The Court and its staff, including its court reporters; and

  (e) Other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

  12. Any party wishing to disclose Protected Information to any person not identified in paragraphs 10 and 11 above may do so provided that (i) a notice specifying the name, address, and current employment of such person has been served by email, fax with confirmation or by two-day express delivery on counsel for all parties at least ten (10) business days prior to disclosure of any such information to such person, and (ii) no objection to such disclosure to such person has been received by the party wishing to make the disclosure within such ten-day period. An objection to disclosure under this paragraph shall not be effective unless (i) it is in writing, and (ii) it states the basis for the objection. Once such objection is made, the parties shall confer, promptly and in good faith, and seek to resolve the dispute. If the parties cannot resolve the dispute in good faith consultation, the party objecting to the disclosure may, on notice, file a motion requesting that the Court order such disclosure not be permitted. The proposed disclosure shall not occur pending the ruling of the Court on such application, and the

WDC_IMANAGE-1422090.1    7

#1445916 v2 den{32731.1.A0405734.DOC;1}

party objecting to the disclosure shall have the burden of proving that the proposed disclosures should not be permitted.

13. Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Information pursuant to the terms of this stipulation and order. The recipient of any Protected Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Information as is exercised by the recipient with respect to its own information of a similar nature, but in no event less than due care. Copies of Protected Information shall be maintained only in the offices of outside counsel for the parties, and to the extent supplied to outside experts pursuant to the terms of this order, in the offices of such experts.

14. A party seeking to file any document containing Protected Information with the Court shall comply with the requirements of D.C.Colo.LCiv.R 7.2.

15. All information subject to confidential treatment in accordance with the terms of this stipulation and order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any confidential information produced, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

16. The inadvertent production of information or documents by either party for inspection and copying shall not in itself be deemed to waive any claim of attorney-client privilege, or attorney work product protection that might exist with respect to such document or other documents or communication, written or oral, including without limitation, other

communications referred to in the documents or information produced. Upon receiving notice from a supplying party that privileged information, including copies or summaries thereof, has been inadvertently produced, all such privileged information shall be returned to the supplying party within five (5) business days of receipt of such notice.

17. In the event any of the parties' Protected Information is the subject of or responsive to a subpoena or court order requiring its disclosure, the recipient of the subpoena or court order will provide immediate notice to the producing party through its counsel. The recipient of the subpoena or court order shall not object to the producing party's appearance to protect its interest in maintaining the information as confidential. If the producing party does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed for the discovery sought by the subpoena (or within such time as a court may direct or as may be agreed upon between the producing party and the subpoenaing party) or give written notice of such motion to the subpoenaing party and the subpoenaed party, the subpoenaed party may commence production in response thereto on the date designated on the subpoena. Notwithstanding the filing of a motion to quash or for protective order, nothing in this paragraph requires the Subpoenaed Party to withhold production of documents during the pendency of the motion if not permitted by law to do so.

18. Nothing in this stipulation and order shall preclude a party from offering Protected Information into evidence at the trial of this action or in depositions taken in this action.

19. Within forty-five (45) calendar days of the conclusion of this litigation, all Protected Information supplied by either party, and all copies thereof, shall be returned to the producing party or their counsel or such confidential discovery materials shall be certified in writing to have been destroyed, or shall otherwise be disposed of as ordered by the Court.

20. In any proceeding to enforce the terms of this Stipulation and Protective Order, except for the motions practice described under paragraph 8 for designating documents or testimony as Protected Information, the prevailing party shall be awarded all reasonable attorney fees and costs incurred in the resolution of the proceeding without regard to whether the party is deemed to be the prevailing party in the overall litigation.

NOTHING FURTHER ON THIS PAGE

Done The 6TH Day of January 2010

By the Court

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Dated: 1|5|10

APPROVED:

*[signature]*

Christopher J. Dawes, Atty No. 33818
LOTTNER RUBIN FISHMAN BROWN & SAUL, P.C.
633 Seventeenth Street, Suite 2700
Denver, CO 80202
(303) 292-1200

-and-

L. Joseph Loveland
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
(404) 572-4600

Graciela M. Rodriguez
James T. Phalen
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 737-0500
*Counsel for Plaintiff FORBA Holdings, LLC*

Dated: 1/5/10

APPROVED:

*[signature]*

Randall H. Miller, Atty. No. 33604
Stephen P. Nash, Atty. No. 35645
Stephen D. Rynerson, Atty. No. 34824

HOLME ROBERTS & OWEN, LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
*Counsel for Defendants Licsac, LLC; DD Marketing, Inc.; DeRose Management, LLC; and LICSAC NY, LLC*

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she received a copy of the Stipulation and Protective Order Pursuant to Fed. R. Civ. P. 26(c)(7) entered in the action titled *FORBA HOLDINGS, LLC v. LICSAC, LLC, et al.*, Case No. 09-cv-02305-MSK-MJW, pending in the United States District Court for the District of Colorado, has read the same, and agrees to: (1) be bound by all of the provisions thereof; and (2) submit to the jurisdiction of the United States District Court for the District of Colorado for all matters relating to his/her compliance with the obligations under the Protective Order.

Dated:_____          _____
                                                                      Name

                                                              _____
                                                                    Signature

WDC_IMANAGE-1422090.1                       12

#1445916 v2 den{32731.1.A0405734.DOC;1}