**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02305-CMA-MJW

FORBA HOLDINGS, LLC, a Delaware limited liability company,

    Plaintiff,

v.

LICSAC, LLC, a Colorado limited liability company;
DD MARKETING, INC., a Colorado corporation;
DEROSE MANAGEMENT, LLC, a Colorado limited liability company;
LICSAC NY, LLC, a New York limited liability company,

    Defendants.

**ORDER REGARDING DISMISSAL OF COMPLAINT**

This is a contract dispute. The matter is before the Court on Defendants' Motion to Dismiss Plaintiff's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6).[1] (Doc. # 9.)

Plaintiff contends its complaint is sufficient under the "short and plain statement" standard required by Fed.R.Civ.P. 8(a)(2).[2] Plaintiff, however, misapprehends its burden under Rule 8.[3] The Supreme Court recently explained that:

---

[1] Defendants also moved under Rule 9(g) because they interpret Plaintiffs' complaint to plead special damages. Given this Order, the Court need not address the Rule 9 complication.

[2] Fed.R.Civ.P. 8(a)(2)("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ").

[3] *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009) *and Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

*Iqbal* formulated a two-pronged approach for courts to apply in deciding whether a given complaint satisfies that standard. First, conclusory statements should be disregarded. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. In other words, assuming the truth of Plaintiff's "facts," do they reasonably imply that the Defendant is liable to the Plaintiff?

Plaintiff's complaint is inadequate under this standard. It suffers from a basic flaw: conclusory allegations. Plaintiff avers two claims: (1) that Defendants have breached express warranties contained in an Asset Purchase Agreement ("APA") entered into between Plaintiff and Defendants (Doc. # 1, ¶¶ 23-28); and (2) that Defendants have breached their contractual obligations under the same APA. (*Id.*, ¶¶ 29-34.) Both claims are predicated on identically worded allegations: that the APA contained "untrue statements of a material nature" or "omitted to state a material fact"

2

that was otherwise necessary to make the statements "not misleading." (*Id.*, ¶¶ 21, 27, 33.)  The words "untrue statement" and "of a material nature" are both conclusory, and the complaint contains no factual support indicating, for instance, how a given representation was "untrue" or how that "untrue statement" was "material".  Plaintiff's complaint implies no more than the mere possibility of misconduct.  It "has alleged – but not 'show[n]' – 'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

Accordingly, Defendants' Motion to Dismiss (Doc. # 9) must be granted.  The Court, however, grants Plaintiff leave to file within 21 days an amended complaint that complies with the *Twombly/Iqbal* plausibility standard.  If Plaintiff cannot, in good faith,[4] file such a complaint, or if Plaintiff files nothing within 20 days, the case will be dismissed with prejudice.

DATED:  January   11  , 2010

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] *See* Fed.R.Civ.P. 11(b)(3) ("By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .").